**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-5188**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MICHAEL GEROD WESTBROOK,

        Defendant – Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:09-cr-00714-CMC-2)

─────────────

Submitted:  December 13, 2010      Decided:  January 21, 2011

─────────────

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

─────────────

Dismissed in part; affirmed in part by unpublished per curiam opinion.

─────────────

William W. Watkins, Sr., WILLIAM W. WATKINS, P.A., Columbia, South Carolina, for Appellant.  James Chris Leventis, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Gerod Westbrook pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute cocaine and cocaine base (crack). The statutory mandatory minimum sentence applicable to Westbrook's offense was 240 months. The applicable guidelines range was 360 months to life imprisonment. The district court sentenced Westbrook to 360 months' imprisonment.

On appeal, Westbrook's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no viable grounds for appeal, but questioning whether Westbrook's appeal waiver is valid and enforceable; whether the district court erred by denying Westbrook a reduction for acceptance of responsibility and Westbrook's motion for a downward variance in sentence; whether the United States breached the plea agreement by not filing a motion for a reduction in sentence based on Westbrook's substantial assistance; and whether claims that counsel below provided ineffective assistance may be raised on direct appeal. The Government has moved to dismiss the appeal based on Westbrook's waiver of his right to appeal. Westbrook opposes the motion, noting that three of the five issues raised on appeal are not within the scope of the waiver. He asserts that claims of ineffective assistance of counsel and prosecutorial misconduct

are excepted from the appeal waiver, and therefore the appeal should not be dismissed as to the challenges to the Government's potential breach of the plea agreement, counsel's ineffectiveness, and the validity of the appeal waiver. Westbrook filed a supplemental pro se brief asserting that the Government breached the plea agreement, that the court erred in denying him the acceptance of responsibility reduction, and that the plea was unknowing and involuntary. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Westbrook knowingly and voluntarily waived the right to appeal his sentence. He has therefore waived review by this court of

3

his challenge to the district court's denial of a variance sentence and the denial of the reduction for acceptance of responsibility. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to these issues and as to Westbrook's sentence. Although Westbrook's appeal waiver insulates his sentence from appellate review, the waiver does not preclude our consideration of the remaining claims raised by Westbrook and counsel, and does not prohibit our review of Westbrook's conviction pursuant to Anders. Consequently, we deny the motion to dismiss in part.

Turning then, to the unwaived claims, because Westbrook did not move in the district court to withdraw his guilty plea, the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court fully complied with Rule 11 in accepting Westbrook's guilty plea. The court ensured that Westbrook understood the charge against him and the potential sentence he faced; that he entered his plea knowingly and voluntarily; and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Westbrook's guilty plea.

4

Next, Westbrook and counsel argue that the Government breached the plea agreement by failing to move for a downward departure based on Westbrook's cooperation with the authorities, which they contend amounted to substantial assistance. Westbrook has the burden of showing by a preponderance of the evidence that the Government breached the plea agreement. See United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). The determination of whether the defendant has provided substantial assistance is within the Government's discretion. Id. at 190. The record in this case fails to show that Westbrook provided substantial assistance. Additionally, the plea agreement did not obligate the Government to move for such a departure, and there is no evidence that the Government refused to make such a motion based on any unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992) (holding that defendant must make substantial threshold showing of improper motive to obtain review of Government's decision not to move for substantial assistance departure). We find no breach of the plea agreement by the Government's decision not to move for a downward departure.

The final claim asserted on appeal is that Westbrook received ineffective assistance of counsel at the district court level. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. These claims are

5

more appropriately raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), unless counsel's ineffectiveness conclusively appears on the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). After review of the record, we find no conclusive evidence that counsel rendered ineffective assistance, and we accordingly decline to consider these claims on direct appeal.

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues not foreclosed by Westbrook's appellate waiver. We therefore affirm Westbrook's conviction and dismiss the appeal of his sentence. This court requires that counsel inform Westbrook, in writing, of the right to petition the Supreme Court of the United States for further review. If Westbrook requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Westbrook. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
